NOTE.—Syllabus by the Court.

---

## Franklin Sugar Refining Co. v. Greenberger & Co.

*Practice Act, 1915—Pleading—Facts and inferences.*

1. Averments in a statement that one person was duly authorized by another to make on behalf of the latter a contract, and that the contract was afterwards ratified, are statements of "material facts" and not statements of "inferences" within the meaning of the Practice Act of May 14, 1915, P. L. 483.

2. All facts are matters of inference from other facts. A statement will pass as a fact if the inferences that lead to that statement can be drawn with reasonable certainty.

3. The purpose of pleading is to give fair notice to an opponent of the propositions confronting him and something of the nature of these propositions, so as to avoid unfair surprise at the trial and so as to afford opportunity to prepare to meet these propositions. The rules of good pleading never require the disclosure of the evidence supporting the propositions pleaded.

Motion to strike plaintiff's statement of claim from the record. C. P. Lackawanna Co., June T., 1922, No. 385.

*Thomas Reath, Jr.* (of Philadelphia), *H. S. Drinker, Jr.* (of Philadelphia), and *Reese H. Harris* (of *Knapp, O'Malley, Hill & Harris*), for plaintiff.

*W. J. Fitzgerald* (of *O'Brien & Kelly*), for defendants.

MAXEY, J., Dec. 7, 1922.—This is an action of *assumpsit* based upon an alleged contract for the purchase from the plaintiff by the defendants of a certain quantity of sugar. In support of the motion to strike off plaintiff's statement of claim the defendants aver that the statement offends against the Practice Act of 1915, in that it contains conclusions of law and conclusions of fact without setting forth the facts from which said conclusions flow. Defendants object, chiefly, to paragraph 4 of plaintiff's statement, which avers that "said broker (John Quackenbush & Son) was duly authorized by defendant, to the knowledge of plaintiff, to make on behalf of defendant the contracts hereinafter referred to;" and they also object to paragraph 9 of plaintiff's statement, which avers that "plaintiff and defendant each respectively approved and ratified the action of broker in effecting said contracts."

Section 5 of the Practice Act of 1915 prescribes that: "Every pleading shall contain, and contain only, a statement in a concise and summary form
3 D. & C.

of the material facts on which the party pleading relies for his claim or defence, as the case may be, but not the evidence by which they are to be proved, or inferences, or conclusions of law. . . ."

The problem of the pleader is to avoid, on the one hand, violating the provision that the evidence by which his facts are to be proved shall not be set forth, and, on the other hand, to avoid violating the provision that inferences or conclusions of law shall not be set forth. The difficulty arises from the circumstance that every fact is in one sense an inference from other facts. As we said in the case of Morris v. Samter, 21 Lacka. Jurist, 241, 242: " 'A fact is an actual happening, an occurrence, quality or relation, the reality of which is manifest in experience or may be inferred with certainty:' Webster's Dictionary. There are few, if any, facts the existence of which is not a matter of inference from other facts. If we say a certain defendant is a corporation, that is a statement of fact; yet it is a fact founded on a legal conclusion, for a corporation has no existence apart from the law, and the combination of certain legal attributes makes it a corporation. If we say a man is an American, that is an inference from certain other facts. If we say the man is an American citizen, that is both an inference from certain other facts and a conclusion of law from certain facts. If we say the man conducted himself unlawfully, or negligently, or was a trespasser, that is a legal conclusion. A statement that the man is an American, or that he is an American citizen, would both pass as 'facts,' because the inferences leading to the 'facts' can be drawn with reasonable certainty. They would not be objectionable as 'inferences' or 'conclusions' in a statement drawn in attempted conformity with the Practice Act of 1915, because they would give the defendant ample notice of what in this respect he had to meet. However, the 'conclusion' as to the man being a trespasser, or as to conducting himself unlawfully or negligently, would be objectionable, as it would not sufficiently apprise the defendant of what he had to meet. The defendant would be entitled to know what the facts were on which those conclusions rested."

In the case at bar, when the plaintiff stated, in paragraph 4, that the "said broker (Quackenbush & Son) was duly authorized by defendant, to the knowledge of plaintiff, to make on behalf of defendant the contracts hereinafter referred to," and when the plaintiff stated, in paragraph 9, that "plaintiff and defendant each respectively approved and ratified the action of broker in effecting said contracts," the plaintiff set forth alleged actual facts, and the pleadings sufficiently apprised the defendants of what in this aspect of the case they have to meet.

We think it would not have offended the Practice Act, and would have been good pleading, for the plaintiff to have stated whether the authorization pleaded in paragraph 4 was oral or in writing, and if it was one of specific authorization, to have given the date of the same; and for the plaintiff to have stated whether the ratification referred to in paragraph 9 was by oral or written word or by conduct. The purpose of pleading is to give fair notice to an opponent of what propositions will confront him at the trial, and something as to the nature and "setting" of these propositions, so as to avoid unfair surprise and so that he may have reasonable opportunity to prepare to meet said propositions. The opponent has no right to expect more than this. It is not incumbent upon a pleader to disclose the evidence which he is to present in support of the propositions pleaded.

To say that an act was authorized, or that it was ratified, is a definite statement of facts, though these facts rest on other facts and depend on other facts for their proof. Either averment is as much a statement of facts as it

Franklin Sugar Refining Co. v. Greenberger & Co.

would be to say that the plaintiff is a corporation, or that a man and woman joined as plaintiffs in a trespass action are husband and wife.

While plaintiff might have slightly amplified its averments as to authority and ratification, we find nothing omitted in plaintiff's statement of so vital a character as to warrant us in striking it from the record.

The question now before us was decided by the court of Lancaster County in the case of The Franklin Sugar Refining Co. v. J. P. Hollinger & Co., 2 D. & C. 754. In that case the court refused to strike from the record a statement of claim which was similar to the statement of claim in the case at bar. In the opinion filed Sept. 29, 1922, that court held as follows: "Nor do we think it was necessary to specify the terms of the alleged authority given to the broker. It was sufficient to aver that he had authority and did make the contracts. If the plaintiff fails to prove authority, its case must necessarily fall. These are issues to be determined upon the trial."

We concur in the above reasoning and decision.

Now, to wit, Dec. 7, 1922, the motion to strike off plaintiff's statement of claim is overruled.

Dec. 22, 1922, exception to order noted and bill sealed.

From William A. Wilcox, Scranton, Pa.